**Hassan MJAHAD, Petitioner,**

v.

**Michael B. MUKASEY, United States**

Attorney General,[1] Respondent.

No. 07–1716–ag.

United States Court of Appeals,
Second Circuit.

Feb. 15, 2008.

Ronald S. Salomon, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Jennifer Lightbody, Senior Litigation Counsel, Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Hassan Mjahad, a native and citizen of Morocco, seeks review of a March 26, 2007 order of the BIA affirming the August 4, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson pretermitting Mjahad's application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mjahad*, No. A 95 959 842 (B.I.A. Mar. 26, 2007), *aff'g* No. A 95 959 842 (Immig. Ct. N.Y. City Aug. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). The Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adju-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

dicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). It will vacate and remand for new findings, however, if the agency's reasoning or its fact-finding process was sufficiently flawed or if the agency applied improper legal standards. *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

Mjahad concedes that this Court does not have jurisdiction to address the IJ's pretermission of his asylum claim. As such, we need only consider whether substantial evidence supports the agency's finding that Mjahad did not establish that he was persecuted or more likely than not would be persecuted or tortured upon his return to Morocco. Our review of the record leads us to conclude that substantial evidence supports the agency's determination.

First, the agency reasonably found that Mjahad did not establish past persecution. Nothing in the record indicates that anything ever happened to Mjahad as a result of his homosexuality when he was in Morocco. Indeed, Mjahad stated that he suffered no past persecution in his brief to this Court.

Second, the agency's determination that Mjahad failed to establish that he would more likely than not be persecuted in the future was supported by the record. Mjahad—who, despite his alleged fears, did not apply for asylum until nearly ten years after arriving in the United States—did not testify that anyone sought to harm him in Morocco. He testified only that he had heard stories of homosexuals being persecuted there. Persecution suffered by individuals similarly situated might be relevant evidence of what could happen to

Mjahad upon his return to Morocco. *See Poradisova v. Gonzales*, 420 F.3d 70, 80–81 (2d Cir.2005). But we cannot conclude that the record here would compel any reasonable factfinder to conclude that Mjahad established a clear probability of future persecution where Mjahad never testified that anyone he knew suffered or was threatened with physical harm or even identified any specific event of persecution of a homosexual in Morocco. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (claims of a likelihood of harm, unsupported by solid evidence, are insufficient to establish objective fear of future persecution). Moreover, the agency reasonably found that the country conditions evidence failed to establish a likelihood of persecution. The article submitted by Mjahad does not discuss Morocco. And while State Department reports can help establish a likelihood of future persecution, *see Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006), the country conditions report in this case does not discuss any issues faced by homosexuals.

Because nothing in the record compels the conclusion that Mjahad was persecuted or will likely be persecuted upon return to Morocco, the IJ did not err in denying withholding of removal. *See* 8 C.F.R. §§ 1208.16(b)(1)(B)(iii), (b)(2). Because Mjahad's CAT claim is based on the same factual predicate, it too must fail in light of Mjahad's failure to establish a likelihood that he would be harmed. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 566–67 (2d Cir.2006); *see also Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.